## COMMONWEALTH *vs.* DEWAYNE FOREMAN.

No. 04-P-348.

Suffolk. October 19, 2004. - July 8, 2005.

Present: ARMSTRONG, C.J., GREENBERG, & TRAINOR, JJ.

*Firearms. Practice, Criminal,* Prior conviction, Sentence. *Words,* "Conviction," "Deadly weapon," "Violent crime."

Where a criminal defendant was convicted of unlawful possession of a firearm, the defendant's prior adjudication of delinquency as a juvenile offender on a charge of armed robbery constituted a "conviction" that served as a basis for imposing on him the enhanced sentence set forth in G. L. c. 269, § 10G(*a*), as an "armed career criminal." [802-804]

INDICTMENTS found and returned in the Superior Court Department on April 24, 2003.

A motion to dismiss was heard by *Carol S. Ball,* J.

*Michelle Learned,* Assistant District Attorney, for the Commonwealth.

*Paul Ming Yee* for the defendant.

ARMSTRONG, C.J. The Commonwealth appeals from an order dismissing a portion of an indictment charging the defendant with being an armed career criminal under G. L. c. 269, § 10G(*a*). The current offense charged in the first portion of the indictment is unlawfully possessing a firearm, G. L. c. 269, § 10(*a*); the earlier conviction of a violent crime, called for by § 10G(*a*), was an adjudication of delinquency by reason of armed robbery, an offense the defendant concedes could qualify for sentence enhancement under § 10G if it had been an adult conviction. A Superior Court judge ruled that the earlier adjudication did not qualify as a "convict[ion] of a violent crime" under G. L. c. 269, § 10G(*a*), inserted by St. 1998, c. 180, § 71, because, under G. L. c. 119, § 53, "[p]roceedings against children . . . shall not be deemed criminal"; hence, the "adjudication" was not a "conviction."

This case is controlled by our decision in *Commonwealth* v. *Furr*, 58 Mass. App. Ct. 155, 157-159 (2003), which the judge did not attempt to distinguish. There, as here, the defendant was charged with unlawful possession of a firearm and he was charged as an armed career criminal under § 10G based on a prior adjudication of delinquency (in Juvenile Court, as a youthful offender) by reason of armed robbery and other offenses. The majority reasoned that because § 10G incorporates the definition of "violent crime" set out in G. L. c. 140, § 121,[1] and the definition of violent crime in § 121 includes both adult convictions and juvenile adjudications of the specified offenses, therefore the Legislature intended both adult convictions and juvenile adjudications of the specified offenses to qualify as prior "convictions" of a violent crime as used in § 10G. See *Commonwealth* v. *Furr*, 58 Mass. App. Ct. at 157-158. We follow our decision in *Furr*, i.e., we conclude that the explicit incorporation in § 10G of the definition of violent crime detailed in G. L. c. 140, § 121, thereby expressly including certain acts of juvenile delinquency, was intended by the Legislature to encompass such acts within the term "conviction" in § 10G.

The judge reasoned that adjudications of delinquency should only serve as predicate convictions for purposes of § 10G where the child reoffends while still a juvenile. (In this case, of course, Foreman is now an adult.) That interpretation has no textual basis within the linked statutes (G. L. c. 269, § 10G, and G. L. c. 140, § 121) that drove our decision in *Furr*, and it would have the perverse effect of exposing a juvenile, charged as a youthful offender, to harsher punishment when he reoffends than an identically situated adult. The judge's ruling is not reconcilable with *Furr*.

---

[1]The definition of violent crime in § 121 is: "[A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or possession of a deadly weapon that would be punishable by imprisonment for such term if committed by an adult, that: (i) has as an element the use, attempted use or threatened use of physical force or a deadly weapon against the person of another; (ii) is burglary, extortion, arson or kidnapping; (iii) involves the use of explosives; or (iv) otherwise involves conduct that presents a serious risk of physical injury to another." G. L. c. 140, § 121, as appearing in St. 1998, c. 180, § 8.

Foreman also argues that the evidence before the grand jury did not warrant the § 10G portion of the indictment because his prior conviction of armed robbery involved use of a knife, not a gun. The definition of "weapon" in G. L. c. 140, § 121, he points out, is "any rifle, shotgun or firearm." St. 1998, c. 180, § 8. By the explicit terms of § 121, however, its definitions apply only to G. L. c. 140, §§ 122-131P, and not to other definitions within the section itself. The definition of violent crime in § 121 uses "deadly weapon" in the general, common-law sense, *Commonwealth* v. *Turner*, 59 Mass. App. Ct. 825, 828 n.5 (2003), in which a knife is commonly thought of as a deadly weapon. See *Commonwealth* v. *Prater*, 431 Mass. 86, 96 (2000) ("our cases treat those felonies involving the use of a deadly weapon, such as a knife or a loaded gun, as inherently dangerous"). See also *Commonwealth* v. *Claudio*, 418 Mass. 103, 108 (1994). Moreover, if "weapon" as used in the definition of violent crime were restricted to "rifles, shotguns, and firearms," the term "deadly weapon" in that same definition would require us to differentiate between deadly shotguns and nondeadly shotguns and between deadly firearms and nondeadly firearms — a result we doubt the Legislature intended. In the context of the incorporating statute, G. L. c. 269, § 10G, the common-law definition of deadly weapon best comports with the statute's purpose of enhancing penalties for those who violate gun laws having previously been convicted of violent crimes or serious drug offenses.

Analogous reasoning disposes of Foreman's contention that the restrictive definition of conviction in § 121 should control use of that word in § 10G.[2] The Legislature chose to incorporate in § 10G only § 121's definition of "violent crime," not its definition of "conviction."

We recognize that certain licensing statutes — see, e.g., G. L. c. 140, §§ 129B(1)(i), 131(*d*)(i), 131F(i) — use the phrase "convicted or adjudicated a youthful offender or delinquent child," and § 10G does not. The reason, however, is that the licensing statutes are expressly subject to the definition of

---

[2]The definition of conviction in § 121 is "a finding or verdict of guilt or a plea of guilty, whether or not final sentence is imposed." G. L. c. 140, § 121, as appearing in St. 1998, c. 180, § 8.

conviction in § 121. There is no similar constraint on use of the word in § 10G, where, as held in *Furr*, it is explicit in the section's use of the term "violent crime" that it reaches juvenile adjudications as well as adult convictions.

The order dismissing the armed career criminal portion of the indictment must be reversed.

*So ordered.*